IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



UNITED STATES OF AMERICA

v.

QUINTIN MORRIS, JR.,

Defendant.

Case No. 3:23-cr-142

## STATEMENT OF FACTS

The United States and the defendant, QUINTIN MORRIS, JR., agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about May 22, 2023, in the Eastern District of Virginia, defendant MORRIS, JR and defendant Jumeka Jones, aided and abetted by each other, did voluntarily and intentionally forcibly assault, resist, oppose, impede, intimidate and interfere with J.P., an officer and employee of the United States and of an agency in a branch of the United States Government, that is, a Carrier with the United States Postal Service ("USPS"), while USPS Carrier J.P. was engaged in, and on account of the performance of USPS Carrier J.P.'s official duties, and in the commission of the offense did make physical contact with USPS Carrier J.P. and inflict bodily injury upon USPS Carrier J.P.

2. At all times relevant to the Information and this Statement of Facts, USPS Carrier J.P. was a federal officer because he was an employee of USPS, an agency of the United States Government, and he was engaged in the performance of his official duties.

3. At approximately 8:40 pm on May 22, 2023, USPS Carrier J.P. was delivering mail along the 1900 block of Accommodation Street in Richmond, Virginia, which is located within

the Eastern District of Virginia. MORRIS, JR and defendant Jones were outside of an apartment located on that block. Defendant Jones' dog was also outside, off leash. USPS Carrier J.P. was fearful for his safety because of the dog. USPS Carrier J.P. asked defendant Jones to contain her dog, but defendant Jones declined. As USPS Carrier J.P. continued to be fearful of his safety because of the dog, the Carrier deployed his USPS-issued "dog repellent" in the direction of the dog. USPS Carriers carry dog repellent in a spray cannister that contains pepper extract designed to deter dogs from attacking mail carriers. These events led to a verbal disagreement between defendant Jones and USPS Carrier J.P.

4. The verbal disagreement escalated when MORRIS, JR adopted a fighting stance and approached USPS Carrier J.P., which led the two individuals to begin a physical altercation that defendant Jones joined thereafter. During the fight, MORRIS, JR and defendant Jones wrestled USPS Carrier J.P. to the ground, MORRIS, JR punched the Carrier with a closed fist, and defendant Jones stomped on the Carrier several times with her foot. MORRIS, JR and defendant Jones assaulted USPS Carrier J.P. for approximately 60 seconds.

5. USPS Carrier J.P. suffered "bodily injury," as that term is defined in U.S.S.G. § 1B1.1, resulting from MORRIS, JR's and defendant Jones' assaultive conduct as described above. Specifically, upon a medical evaluation, USPS Carrier J.P. was diagnosed with a sprained shoulder, a sprained neck, and a contusion to his face. USPS Carrier J.P. believes his shoulder was dislocated during the fight.

6. The actions of the defendant, as recounted above, were in all respects willful, voluntary, and deliberate, and were not committed by mistake, accident, or other innocent reason.

7. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to

2

the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 1/4/24        By: /s/ Robert S. Day
Robert S. Day
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, QUINTIN MORRIS, JR., and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
QUINTIN MORRIS, JR.

I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Laura Koenig
Attorney for QUINTIN MORRIS, JR